940 F.2d 660
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David A. KERSH, Plaintiff-Appellant,
v.
BORDEN CHEMICAL, a Division of BORDEN, INC., Defendant,
Borden, Inc., a foreign corporation, Third Party Plaintiff-Appellee,
Polar Foam, Inc., Third Party Defendant-Appellee.
 No. 89-2416.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1991.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 David A. Kersh, a pro se Michigan resident, appeals the district court's denial of his motion to set aside the court's amended judgment granting Borden Inc.'s (hereinafter Borden) application for attorney's fees. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P 34(a).
 
 
 2
 In 1982, Kersh filed this personal injury action in Michigan state court alleging that insulation manufactured by Borden Chemical and installed in his home had subjected him to formaldehyde poisoning. Borden Inc., while representing itself and its division, Borden Chemical, had the case removed to federal court. On May 31, 1988, the district court dismissed the complaint with prejudice pursuant to Fed.R.Civ.P. 41(b) for Kersh's failure to appear at a show cause hearing. Kersh appealed the dismissal, and on December 7, 1988, this court dismissed the appeal (Case # 88-1721) for want of prosecution. This court later denied Kersh's motion to reinstate the appeal on July 31, 1989.
 
 
 3
 During the interim, Borden filed its application for attorney's fees. The hearing on the application was rescheduled several times, and finally the magistrate issued an order that the application would be decided on the briefs. On June 26, 1989, the district court entered an order awarding Borden attorney's fees; the order did not however set forth the amount to be awarded. Kersh's appeal (Case # 89-1824) of that order was dismissed on November 9, 1989 for lack of jurisdiction. Meanwhile, the district court entered a partial amended judgment granting Borden fees in the amount of $55,775.98. Kersh then filed a motion to set aside that judgment alleging that the district court did not have jurisdiction to enter the order because the matter was on appeal to this court. The district court denied the motion to set aside, finding that the application was properly before it.
 
 
 4
 On appeal, Kersh has filed a motion requesting that Borden's counsel be prohibited from participating in this appeal.
 
 
 5
 Initially, it is noted that Kersh's motion to set aside is construed as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e) because it was filed within ten days of the district court's amended judgment. We also note that this appeal is limited to the issue of whether the district court abused its discretion in granting Borden's application for attorney's fees. In his appellate brief, Kersh has raised eleven issues, ten of which relate to the underlying dismissal. Kersh had the opportunity to raise the issues in his first appeal, but instead, allowed the appeal to be dismissed for want of prosecution. Consequently, only the propriety of the court's award of attorney's fees is properly before this court.
 
 
 6
 Upon review, we affirm the district court's judgment because the court did not abuse its discretion in granting Borden's application for attorney's fees. A review of the district court record indicates that from the inception of this lawsuit in 1982, Kersh has exhibited a clear pattern of delay and harassment. Borden was forced to compel each aspect of discovery; Kersh failed to appear on numerous trial dates; and in fact, the suit was ultimately dismissed under Fed.R.Civ.P. 41(b) because of Kersh's dilatory tactics. The record is replete with instances where Kersh blatantly disobeyed court orders. Borden's application outlined the amount of attorney hours expended. Kersh does not dispute the amount of fees awarded, but rather, argues that based upon the record, the district court had no basis to award fees. We disagree. The record more than adequately supports the district court's conclusion that Kersh acted in bad faith during the entire course of the litigation. We therefore conclude that an award of attorney's fees was warranted in this case. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 765-67 (1980); Ray A. Scharer & Co. v. Plabell Rubber Products, Inc., 858 F.2d 317, 320 (6th Cir.1988).
 
 
 7
 Accordingly, the motion for miscellaneous relief is denied, and the district court's judgment awarding attorney's fees in the amount of $55,775.98 is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.