972 F.2d 347
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David A. KERSH, Plaintiff-Appellant,
v.
BORDEN CHEMICAL, A DIVISION OF BORDEN, INC.; Defendant,
Borden, Inc., a foreign corporation; Third Party Plaintiff-Appellee,
Polar Foam, Inc., Third Party Defendant-Appellee.
 No. 92-1179.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1992.
 
 1
 Before BOYCE F. MARTIN, Jr. and SILER, Circuit Judges, and DOWD, District Judge.*
 
 ORDER
 
 2
 David A. Kersh, a pro se Michigan citizen, appeals a district court order denying his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1982, Kersh filed this personal injury action in Michigan state court, alleging that insulation manufactured by the defendants and installed in his house subjected him to formaldehyde poisoning. The defendants removed the case to federal court. The district court subsequently dismissed the complaint with prejudice because Kersh failed to appear at a show cause hearing, and therefore also granted sanctions against Kersh. This court dismissed Kersh's appeal from this decision for want of prosecution.
 
 
 4
 Meanwhile, the defendants sought sanctions against Kersh in the amount of their attorneys' fees. The district court granted the motion, imposing $55,775.98 in attorneys' fees against Kersh, and this court affirmed.
 
 
 5
 Kersh then moved the district court to reconsider its previous orders and also requested the judge to disqualify himself. The district court denied these requests.
 
 
 6
 Kersh then moved to set aside the judgment pursuant to Fed.R.Civ.P. 60(b) and again requested the trial judge to disqualify himself. The district court denied Kersh's motion concluding it was merely a rehash of the arguments made in his previous motion. Kersh has filed a timely appeal from this order. On appeal, the defendants have filed a motion requesting the court to dismiss the appeal on the merits and to impose sanctions against Kersh.
 
 
 7
 The appellees' motion to dismiss Kersh's appeal on the merits is denied. Sixth Circuit Rules do not authorize the filing of a motion to dismiss a case on the merits.
 
 
 8
 Upon review, however, we affirm the district court's judgment. This court's prior decision in this matter is the law of the case, and therefore, Kersh must demonstrate an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice to justify reconsideration of that order. See Cale v. Johnson, 861 F.2d 943, 947 (6th Cir.1988). Kersh has failed to make this showing.
 
 
 9
 The appellees request that sanctions be assessed against Kersh. As we believe that Kersh's appeal is entirely frivolous, unreasonable and without foundation, we grant the appellees their reasonable attorney fees and double costs pursuant to 28 U.S.C. § 1912 and Fed.R.App.P. 38. See Wrenn v. Gould, 808 F.2d 493, 505 (6th Cir.1987).
 
 
 10
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit. Reasonable attorney fees and double costs are hereby awarded to the appellees pursuant to 28 U.S.C. § 1912 and Fed.R.App.P. 38. An itemized and verified bill for the costs and attorney fees may be filed with the clerk of this court, with proof of service, within fourteen days after the entry of this order.
 
 
 
 *
 The Honorable David D. Dowd, U.S. District Judge for the Northern District of Ohio, sitting by designation