David A. KERSH, Plaintiff–Appellant,

v.

BORDEN CHEMICAL, INC., Defendant–Appellee.

No. 01–1657.

United States Court of Appeals, Sixth Circuit.

Feb. 13, 2002.

Before SUHRHEINRICH, SILER, and BATCHELDER, Circuit Judges.

## ORDER

David A. Kersh appeals a district court order denying his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1982, Kersh filed this personal injury action in Michigan state court, alleging that insulation manufactured by the defendant and installed in his house subjected him to formaldehyde poisoning. The defendant removed the case to federal court. The district court subsequently dismissed the complaint with prejudice because Kersh failed to appear at a show cause hearing. This court dismissed Kersh's appeal from this decision for want of prosecution. (No. 88–1721). Meanwhile, the defendant moved for sanctions against Kersh in the amount of its attorneys' fees. The district court granted the motion, imposing $55,775.98 in attorneys' fees against Kersh, and this court affirmed that decision. *Kersh v. Borden Chem., Inc.*, No. 89–2416, 1991 WL 153087 (6th Cir. Aug.9, 1991) (unpublished order).

Kersh then moved the district court to reconsider its previous orders and also requested the judge to disqualify himself. The district court denied these requests. Kersh next filed a motion to set aside the judgment under Rule 60(b) and again requested the trial judge to disqualify himself. The district court denied Kersh's motion, concluding that it was merely a rehash of the arguments made in his previous motion. On appeal, this court affirmed the district court's judgment and also sanctioned Kersh for pursuing a frivolous and vexatious appeal. *Kersh v. Borden Chem., Inc.*, No. 92–1179, 1992 WL 198485 (6th Cir. Aug.18, 1992) (unpublished order).

In 1994 and 1995, Kersh filed two more Rule 60(b) motions, and the district court denied these motions as meritless. This court dismissed Kersh's subsequent appeals for want of prosecution. (Nos. 94–1991 & 95–1537).

In March 2001, Kersh renewed his litigation efforts in this case by filing yet another Rule 60(b) motion to set aside the judgment. The district court denied the motion as clearly without merit. The court subsequently denied Kersh's motion for reconsideration. In this timely appeal, Kersh has requested initial en banc consideration in this case.

Upon review, we conclude that the district court properly denied Kersh's Rule 60(b) motion. This court reviews a district court's denial of a motion under Fed. R.Civ.P. 60(b) for an abuse of discretion. *Futernick v. Sumpter Township*, 207 F.3d 305, 313 (6th Cir.2000). In reviewing the district court's denial of a Rule 60(b) motion, this court will not consider the merits of the underlying judgment. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir.2001). As such, a Rule 60(b) motion does not allow a defeated litigant a second chance to convince the court to rule in his favor by presenting new explanations or legal theories. *Id.* The district court did not abuse its discretion in denying Kersh's motion because he has not shown that he is entitled to relief under Rule 60(b).

Accordingly, this court denies Kersh's request for initial en banc consideration and affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

Lastly, this court orders Kersh to show cause why an order enjoining any further filings regarding this matter should not be entered. Kersh has filed at least five Rule 60(b) or other reconsideration motions in this matter. Further, the present appeal is Kersh's third non-meritorious appeal in

this case. Each of these motions and appeals have been patently frivolous, as reflected by the frequent sanctions imposed on Kersh. Despite these sanctions, Kersh continued to pursue his frivolous and vexatious litigation by filing the current Rule 60(b) motion and this resulting appeal. In light of this ongoing abuse of the judicial process, we order Kersh to show cause in writing not later than thirty days from the file date of this order why an injunction should not issue, prohibiting him from filing future pleadings in the district court or appeals with this court that relate to the subject matter of this protracted litigation. A copy of the proposed injunction is attached hereto as an appendix.

### APPENDIX

#### ORDER

Upon consideration of the court, it is hereby ORDERED that David Kersh and his agents, legal or personal, be enjoined from filing any further pleadings or appeals arising out of the subject matter of *Kersh v. Borden Chem., Inc.*, District Court Case No. 82–74444 (E.D. Mich.), without first obtaining leave of the court in which he seeks to file the pleading or appeal.

In order to obtain leave of court, Kersh shall certify that the claim or claims he wishes to present are new claims never before raised and disposed of by any federal court. He shall certify that his action is taken in good faith and that the claims he raises are not frivolous or malicious.

A motion for leave to appeal must be captioned "Application Pursuant to Court Order Seeking Leave to File," and Kersh must affix a copy of this order to that motion. This motion must be filed with this court within ten days after Kersh files a notice of appeal for which leave of court must first be obtained. Failure to comply strictly with the terms of this injunction

will be grounds for summarily denying leave to file. Pleadings considered malicious, frivolous, or brought in bad faith may be grounds for civil contempt proceedings.

The following procedures shall govern any appeals in this court filed by David Kersh against the appellee until such time as the court may order otherwise.

Upon timely receipt of a complete petition for leave to appeal, the clerk of the Sixth Circuit shall direct the clerk of the appropriate district court to transmit the record of the underlying case. No further proceedings shall take place in this court, nor shall any other filings be accepted, until this court has reviewed the petition and the record to determine whether Kersh's appeal presents a colorable claim.