**David Eugene CONNOLLY,**
**Plaintiff–Appellant,**

**v.**

**Jonathan B. POTOTSKY, Attorney; Damian D. Nunzio, Attorney at North Kent County Public Defenders Office; Dana B. Carron, Attorney; Dennis Leiber, Circuit Judge for the 17th Cir-**

cuit Court of Kent County; Dale J. Lalka, Court Reporter; Kevin J. Bowling, Regional Administrator, State Court Administrative Office, Defendants–Appellees.

No. 01–1620.

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2002.

Before JONES and COLE, Circuit Judges; GWIN, District Judge.*

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

*ORDER*

David Eugene Connolly, a Michigan prisoner proceeding pro se, appeals a district court order denying his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In the underlying action brought under 42 U.S.C. § 1983, Connolly sued a present and former public defender, a private attorney, a Michigan circuit court judge, a court reporter, and a court administrator for allegedly conspiring together to deny him a transcript of a hearing that he claimed was held in April 1994, and at which two witnesses allegedly testified to his innocence of the crime of which he was subsequently convicted. In June 1994, Connolly pleaded nolo contendere to the charge of first degree criminal sexual conduct and was sentenced to 5 to 20 years in prison. His appeals were denied and Connolly argued that, without the missing transcript, he had no opportunity for a meaningful appeal. He sought monetary damages and injunctive relief. The district court dismissed Connolly's complaint as legally frivolous in an opinion and order entered on April 11, 1997. On appeal, this court affirmed the district court's order, *inter alia*, because Connolly's § 1983 action was barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

On December 22, 2000, Connolly filed the instant motion for relief from judgment, citing Rule 60(b)(1), (2), and (6). He asserted that newly discovered evidence proves his claim that the hearing was conducted, submitting a copy of an order in which the Michigan circuit judge acknowledged that the court reporter had located the notes of the hearing, held on April 12, 1994. The court reporter estimated a 60–page transcript would be produced if the notes were transcribed. The judge noted that Connolly could order the transcript, but denied a copy at public expense on the ground that it would not aid an appeal. Connolly sought $300,000 in damages, but stated that he would agree to a $5,000 settlement. He also sought an order for production of the transcript. Connolly subsequently filed a motion for entry of judgment pursuant to Fed.R.Civ.P. 58 and for declaratory relief pursuant to Fed. R.Civ.P. 57.

In an opinion and order filed on April 17 and entered on April 18, 2001, the district court denied both the motion for relief from judgment and the motion for entry of judgment and declaratory relief. The district court concluded that Judge Kolenda's order of May 25, 2000, did not constitute "new evidence" and that, in any event, the action remained barred pursuant to *Heck*.

On appeal, Connolly argues that: (1) the district court abused its discretion in denying his motion; (2) he was denied due process; and (3) he was denied access to the courts.

Upon review, we conclude that the district court did not abuse its discretion in denying Connolly's Rule 60(b) motion. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir.2001). In reviewing the district court's denial of a Rule 60(b) motion, this court does not consider the merits of the underlying judgment. *Id.; Hood v. Hood*, 59 F.3d 40, 42 (6th Cir.1995). For this reason, the underlying substantive issues regarding denial of due process and access to the courts raised by Connolly on appeal are not reviewable.

Connolly relies upon Rule 60(b)(1), (2), and (6) in bringing this motion. Those

subsections allow a party to seek relief from a judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); ... or (6) any other reasons justifying relief from the operation of the judgment.

■ However, Rule 60(b) further provides that "[t]he motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Connolly waited over 3½ years after his § 1983 action was denied by the district court before bringing his Rule 60(b) motion. Thus, his attempt to obtain relief from judgment pursuant to subsections (1) and (2) are untimely.

■ The residual clause in subsection (6) may afford relief only in exceptional circumstances which are not otherwise addressed by the first five numbered clauses of the rule. *Lewis v. Alexander,* 987 F.2d 392, 395 (6th Cir.1993). It is properly invoked in "unusual and extreme situations where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990) (emphasis in original). There are no unusual or extreme circumstances in this case.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.