**Philip Wayne BERRYMAN, Plaintiff–Appellant,**

v.

**Dean RIEGER, et al., Defendants–Appellees.**

**Nos. 01–1044, 01–1419.**

United States Court of Appeals, Sixth Circuit.

Jan. 30, 2002.

Before JONES, DAUGHTREY, and COLE, Circuit Judges.

### ORDER

Philip Wayne Berryman appeals a district court order denying his motion for relief from a judgment taxing costs against him. These cases have been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Berryman sued several Michigan correctional employees and medical personnel, alleging that they deliberately denied him medical treatment in retaliation for a lawsuit he filed against a medical staff employee. The case proceeded to trial, and the jury found in favor of the defendants. After trial, the defendants moved to tax costs against Berryman, and the court granted the motion in the amount of $1,174.79.

Nearly one year after the district court imposed costs against him, Berryman filed a motion for relief from this judgment under Fed.R.Civ.P. 60(b). The court denied the motion as meritless. When Berryman moved the court to reconsider its decision, the court denied the motion, although it did limit Berryman's payments to 20% of his monthly income. Berryman has filed timely appeals from the district court's judgment.

Upon review, we conclude that the district court properly denied Berryman's Rule 60(b) motion. This court reviews the district court's denial of a Rule 60(b) motion for an abuse of discretion. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir.2001). This court will find an abuse of discretion only when a definite and firm conviction exists that the trial court committed a clear error of judgment. *Id.* In reviewing the district court's denial of a Rule 60(b) motion, this court does not consider the merits of the underlying judgment. *Id.* Consequently, Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his favor by presenting new explanations, legal theories, or proof. *Id.*

The district court did not abuse its discretion in denying Berryman's Rule 60(b) motion. Berryman argues that he did not receive notice of the defendants' original motion to tax costs. However, the defendants provided evidence that they served Berryman's counsel with a copy of the motion. While Berryman also argues that he had relieved his counsel by the date of that service, no evidence exists to support this argument.

Lastly, Berryman argues that the defendants did not comply with a local rule for filing a bill of costs. The district court concluded that the defendants met the re-

quirements of the local rule because the bill of costs was subsumed within the motion to tax costs. Although Berryman argues that the defendants must strictly comply with the provisions of the local rule, the only authority he cites for this proposition is a court opinion from a different district interpreting that district's local rule. Consequently, he has not demonstrated a clear error of judgment by the district court in denying his Rule 60(b) motion.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.