**Gary HARRIS, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 01–3393.

United States Court of Appeals, Sixth Circuit.

April 29, 2002.

Before RYAN, BOGGS, and COLE, Circuit Judges.

Gary Harris appeals a district court grant of summary judgment for the government in this action for return of property seized by the government filed under Fed.R.Crim.P. 41(e). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Harris filed his complaint by counsel in the district court alleging that, in September 1999, the government pursuant to a search warrant obtained without probable cause seized property to which he is entitled. The government moved to dismiss the complaint or for summary judgment, and plaintiff responded in opposition and gave notice to the government that he would be acting pro se. The magistrate judge recommended that the government's motion be denied and directed the government to file an answer to plaintiff's complaint. After the government filed its answer, it filed a second motion for summary judgment. Plaintiff again responded in opposition and moved for summary judgment and to unseal an affidavit supporting the government's application for the search warrant. The magistrate judge recommended that the government's motion for summary judgment be granted, but that the government be directed to provide Harris copies of all documents and computer disks in its possession. After both parties filed objections, the district court adopted the magistrate judge's recommendation, but modified the recommended requirement that the government be required to copy all of plaintiff's documents in its possession. Plaintiff filed a timely notice of appeal.

On appeal, plaintiff contends that the district court erred in failing to apply the Civil Asset Forfeiture Reform Act of 2000 in this case, and that the Internal Revenue Service acted improperly in this case. The government responds that the district court's judgment was proper. Upon consideration, we will affirm the judgment.

This court reviews a district court judgment denying a complaint for the return of property only for an abuse of discretion. See United States v. Duncan, 918 F.2d 647, 654 (6th Cir.1990). An abuse of discretion can be found only when a definite and firm conviction exists that the district court committed a clear error of judgment. See Jinks v. AlliedSignal, Inc., 250 F.3d 381, 385 (6th Cir.2001). Fed.R.Crim.P. 41(e) provides that "[a] person aggrieved by an unlawful search or seizure or by the deprivation of property may move the district court ... for the return of the property on the ground that such person is entitled to lawful possession of the property." See United States v. One 1974 Learjet 24D Serial Number 24D–290, Mexican Registration XA–RMF, 191 F.3d 668, 671 n. 1 (6th Cir.1999). It is noted that a claimant may not file a Fed.R.Crim.P. 41(e) motion after the government initiates civil forfeiture proceedings. Id. at 673. Here, the district court did not abuse its discretion.

First, the record supports the conclusion reached by the magistrate judge and the

district court that the government has acted reasonably in its handling of the property seized. Further, Harris cannot show that the magistrate judge or the district court abused their discretion in concluding that probable cause supported the search warrant at issue. Harris's remaining contention on appeal, that the district court erred in failing to apply the Civil Asset Forfeiture Reform Act of 2000 in this case, was not asserted in the district court and should not be considered in the first instance on appeal. *See Enertech Elec. v. Mahoning County Comm'rs,* 85 F.3d 257, 261 (6th Cir.1996). Nonetheless, it is noted that no forfeiture proceedings were filed concerning the property involved in this matter.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.