**Darrell L. MARSHALL,**
**Plaintiff–Appellant,**

v.

**CITY OF DETROIT; Wayne County,**
**Defendants–Appellees.**

No. 01–2289.

United States Court of Appeals,
Sixth Circuit.

May 22, 2002.

Before SILER and CLAY, Circuit

Judges; OBERDORFER, District Judge.*

Darrell L. Marshall, proceeding pro se, appeals a district court judgment denying his motion to reinstate his complaint labeled as an "Independant Action Based On Fraud" filed under 28 Fed.R.Civ.P. 60(b),(c). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Marshall sued the City of Detroit, the Wayne County Probate Court and the Wayne County Department of Mental Health, claiming that the defendants engaged in a conspiracy to cover-up a head injury that Detroit police had inflicted on Marshall in 1984. Marshall essentially alleged that the defendants "participated" in a hearing during which he was improperly diagnosed as paranoid schizophrenic. Upon review, the district court granted Marshall pauper status, concluded that his allegations did not state any legally cognizable action, and dismissed the complaint as frivolous. A panel of this court dismissed Marshall's appeal. *Marshall v. City of Detroit,* No. 00–2442 (6th Cir. Feb. 2, 2001).

Thereafter, Marshall filed a motion to reinstate his case based on newly discovered evidence that he is not paranoid schizophrenic. Upon review, the district court denied the motion as without merit. Marshall has filed a timely appeal, essentially reasserting his claim. He argues that the district court improperly dismissed his complaint without permitting him to file any motions and without granting him an evidentiary hearing.

Upon review, we conclude that the district court properly denied Marshall's motion to reinstate his case, but we affirm the district court's judgment for reasons different than those stated by the district court. *Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000). Marshall's motion to reinstate his case is more properly construed as a Fed.R.Civ.P. 60(b) motion for relief from the earlier judgment dismissing the case. We review a district court's denial of a motion under Fed.R.Civ.P. 60(b) for an abuse of discretion. *Futernick v. Sumpter Township,* 207 F.3d 305, 313 (6th Cir.2000). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. *Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995).

Marshall has not alleged any facts that would entitle him to Rule 60(b) relief. Marshall has made no showing of mistake, inadvertence, surprise, or excusable neglect. *See* Fed.R.Civ.P. 60(b)(1). In addition, Marshall has not presented any new evidence with regards to the allegations made in his complaint that would entitle him to relief. *See* Fed.R.Civ.P. 60(b)(2). Rather, he has essentially reiterated the arguments asserted in support of his complaint, and this court will not re-consider the merits of the district court's judgment in favor of the defendants. *Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 385 (6th Cir.2001). Marshall also has not established by clear and convincing evidence that the district court's judgment was obtained by fraud or misconduct. *See* Fed. R.Civ.P. 60(b)(3). Nor has he established that the judgment is void, satisfied, released or discharged. *See* Fed.R.Civ.P. 60(b)(4), (5). Finally, Marshall has not established any extraordinary circum-

---

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

stances warranting relief under Rule 60(b)(6). *See* Fed.R.Civ.P. 60(b)(6). Hence, Marshall is not entitled to Rule 60(b) relief.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.