David A. KERSH, Plaintiff–Appellant,

v.

MACOMB ST. CLAIR EMPLOYMENT TRAINING AGENCY; et al., Defendants–Appellees.

No. 02–1869.

United States Court of Appeals, Sixth Circuit.

Jan. 27, 2003.

---

* The Honorable Donald P. Lay, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

Before GUY and MOORE, Circuit Judges; and BECKWITH, District Judge.*

## ORDER

David A. Kersh appeals a district court order that denied his Fed.R.Civ.P. 60(b) motion for relief from an earlier grant of summary judgment for defendants, and his motion to recuse the district court. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Kersh filed his initial complaint in the district court in 1987, alleging that the defendants conspired to have him falsely arrested and imprisoned and to defraud him. Following discovery, the district court granted defendants' motion for summary judgment in 1993. Kersh appealed the district court's judgment, but this court dismissed Kersh's appeal for want of prosecution in 1995.

Over seven years later, Kersh filed his motion in the district court seeking to set aside the earlier judgment and to disqualify the district court. The district court denied the motion as without merit, and Kersh filed a timely notice of appeal.

On appeal, Kersh reiterates the factual basis of his original complaint, and contends that the district court is corrupt and biased against him. Defendants respond that plaintiff's motion is untimely and otherwise baseless. Upon consideration, we will affirm the district court's order because plaintiff's motion is untimely and baseless.

This court reviews a district court's denial of a motion under Fed.R.Civ.P. 60(b) only for an abuse of discretion. *Futernick v. Sumpter Township*, 207 F.3d 305, 313 (6th Cir.2000). Rule 60(b) provides that relief may be granted from a judgment for the following reasons: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or other misconduct of an adverse party; 4) the judgment is void; 5) the judgment has been satisfied, released, or discharged; or 6) any other reason justifying relief. In reviewing the district court's denial of a Rule 60(b) motion, this court will not consider the merits of the underlying judgment. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir.2001). As such, a Rule 60(b) motion does not allow a defeated litigant a second chance to convince the court to rule in his favor by presenting new explanations or legal theo-

---

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

ries. *Id.* Further, a 60(b) motion must be filed within a reasonable time after the judgment or order was entered and "for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R.Civ.P. 60(b).

■ The district court did not abuse its discretion in denying Kersh's motion. First, Kersh waited over seven years after his appeal from the district court's underlying judgment was dismissed for want of prosecution before he filed his motion for relief from judgment. Further, Kersh did not present any significant new arguments or facts not previously raised. Accordingly, Kersh cannot show that he is entitled to relief under Rule 60(b). Instead, he is merely making the same arguments raised in the underlying suit, and this court will not reconsider the merits of these previous arguments.

■ Finally, the district court did not abuse its discretion by denying Kersh's motion to recuse. Kersh was not entitled to a recusal under 28 U.S.C. § 144 because he did not file an affidavit alleging judicial bias. *See United States v. Sammons,* 918 F.2d 592, 598–99 (6th Cir.1990). Furthermore, the district court was not obligated to recuse itself pursuant to 28 U.S.C. § 455(a) because no reasonable person would be convinced that personal or extrajudicial bias exists under the circumstances of this case. *Id.* at 599. All of Kersh's allegations referred to the court's participation in the proceedings and simply do not support recusal. *See id.*

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.