Joseph B. THOMPSON, Jr.,
Plaintiff–Appellant,

v.

Keith WILSON; Ted Como; Becky Campbell; Michele Wilder,
Defendants–Appellees.

No. 03–5849.

United States Court of Appeals,
Sixth Circuit.

April 22, 2004.

Joseph B. Thompson, Jr., Nashville, TN, pro se.

Darryl G. Lowe, Lowe, Hogan, Shirley & Yeager, Knoxville, TN, for Defendants–Appellees.

Before: KENNEDY, MARTIN, and ROGERS, Circuit Judges.

*ORDER*

Joseph B. Thompson Jr., a Tennessee state prisoner, appeals pro se a district court order denying his motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Thompson filed a complaint under 42 U.S.C. § 1983 against four employees of a newspaper, complaining that their prejudicial pretrial publicity had violated his constitutional rights. On November 16, 1999, the district court dismissed the complaint for failure to state a claim, because the named defendants were not state actors. On February 13, 2003, Thompson filed a motion for relief from judgment pursuant to Rule 60(b), arguing that the district court should have inquired whether Thompson was in segregation at the time he originally filed his complaint, and should have appointed him counsel. The district court denied the motion, as well as Thompson's motion for reconsideration, in which he asserted that the defendants had conspired with an unknown police officer. This appeal followed.

An order denying a Rule 60(b) motion is reviewed for an abuse of discretion. *Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 385 (6th Cir.2001); *Hood v. Hood,* 59 F.3d 40, 42 (6th Cir.1995). Upon review, we conclude that the district court did not abuse its discretion in denying this motion, filed more than three years after the disposition of this case, which raised no issue that could not have been presented in the original proceeding. The movant must establish that his case fits within the circumstances warranting relief under Rule 60(b). *Lewis v. Alexander,* 987 F.2d 392, 396 (6th

Cir.1993). A Rule 60(b) motion does not allow a defeated litigant a second chance to convince the court to rule in his favor by presenting new legal theories. *Jinks,* 250 F.3d at 385. Because no abuse of discretion was committed, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.