**Robert H. SAWYER, Jr.,**
**Plaintiff–Appellant,**

v.

**LEXINGTON FAYETTE URBAN COUNTY GOVERNMENT; Lexington Metro Police Department, sued as Lexington–Fayette Urban County Government Division of Police; James Turley, Individually and in his official capacity as a Lexington Police Officer; Donald Mitchell; Kelly Mitchell; Fayette Circuit Court, Civil Branch; Laurance B. Vanmeter, in his official capacity; Edward Jewell, Individually and in his official capacity as a Lexington Police Officer, Defendants–Appellees.**

---

No. 03–5876.

United States Court of Appeals,
Sixth Circuit.

May 27, 2004.

Robert H. Sawyer, Jr., Lexington, KY, pro se.

Leslye M. Bowman, David J. Barberie, Lexington–Fayette Urban County Government, Department of Law, Oscar H. Geralds, Jr., Geralds, Jones, Sherrow, Schrader & Rice, Lexington, KY, Stuart W. Cobb, Asst. Atty. General, Office of the Attorney General, Frankfort, KY, for Defendants–Appellees.

Before RYAN, DAUGHTREY, and CLAY, Circuit Judges.

*ORDER*

Robert H. Sawyer, Jr., proceeding pro se, appeals a district court order denying his post-judgment motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking injunctive, monetary, and declaratory relief, Sawyer filed a complaint against the Lexington Fayette Urban County Government (LFUCG), the LFUCG Division of Police, LFUCG police officers Edward Jewell and James Turley, Donald and Kelly Mitchell, the "Fayette Circuit Court, Civil Branch, 1st Division," and Fayette County, Kentucky, Circuit Court Judge Laurance B. VanMeter. Sawyer subsequently amended his complaint several times. Sawyer, an African–American, alleged that on November 30, 1996, he was involved in an automobile accident with another vehicle. According to Sawyer, the Mitchells were the first people to arrive on the accident scene and Jewell and Turley responded thereafter. Sawyer was apparently criminally charged as a result of the accident, but the charges were subsequently dismissed. Thereafter, Sawyer unsuccessfully pursued several civil lawsuits pertaining to the 1996 automobile accident.

The defendants filed motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), to which Sawyer responded. On April 14, 2003, the district court granted the defendants' motions and dismissed Sawyer's complaint. Sawyer did not file a notice of appeal. Instead, on April 24, 2003, Sawyer filed an "Objection to Judge Hood's Creative and Deliberate Libel of Plaintiff in Erroneous Coverup and/of Fraud in the Factum with Plaintiff Motion." The district court denied Sawyer's post-judgment motion in an order filed on April 25, 2003. On May 5, 2003, Sawyer filed another post-judgment "Objection to All Erroneous [Not Mistake] Judicial Declarations Motion for Reconsideration," which the district court denied on May 15, 2003. On May 23, 2003, Sawyer filed a "Memorandum Objection Via Motion for Hearing Supporting Judicial Liability," which the district court denied on May 29, 2003. Sawyer filed a notice of appeal on June 30, 2003, pursuant to which he sought to appeal the district court's April 14, 2003, judgment and April 25, May 15, and May 29, 2003, orders.

Sawyer's appeal from the May 29, 2003, order denying his post-judgment motion was timely. However, because Sawyer's appeal from the district court's April 14, 2003, judgment and April 25 and May 15, 2003, orders was untimely, this court dismissed his appeal from such judgment and orders for lack of jurisdiction, making it clear that "[o]nly issues regarding the May 29, 2003 order may be raised on appeal."

Sawyer requests oral argument in his reply brief.

A post-judgment motion that is not filed within ten days of entry of the judgment cannot be considered a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), but should be construed as a Fed.R.Civ.P. 60(b) motion for relief from judgment. *Teal v. Eagle Fleet, Inc.,* 933 F.2d 341, 347 n. 3 (5th Cir.1991). Because Sawyer did not file his post-judgment "Memorandum Objection Via Motion for Hearing Supporting Judicial Liability" within ten days of the district court's April 14, 2003, judgment, we construe his motion as a Fed. R.Civ.P. 60(b) motion.

We review the district court's denial of a Fed.R.Civ.P. 60(b) motion for an abuse of discretion. *Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 385 (6th Cir.2001); *Cincinnati Ins. Co. v. Byers,* 151 F.3d 574, 578 (6th Cir.1998). An appeal from an order denying a Fed.R.Civ.P. 60(b) motion does not bring up for review the underlying judgment dismissing the complaint. *Browder v. Dir., Dep't of Corr.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Jinks,* 250 F.3d at 385. Rather, our inquiry is limited to "whether one of the specified circumstances exists in which [the plaintiff] is entitled to reopen the merits of his underlying claims." *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir.1998).

Upon review, we conclude that the district court properly denied Sawyer's post-judgment motion because he did not allege the existence of any of the grounds for relief specified in Fed.R.Civ.P. 60(b)(1)-(6). Specifically, Sawyer did not show that mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud should relieve him from operation of the district court's judgment against him. *See* Fed.R.Civ.P. 60(b)(1)-(3). Sawyer also did not show that he was entitled to relief under Fed.R.Civ.P. 60(b)(4) or (5) because he did not allege that the judgment dismissing his complaint was void, had been satisfied, released, or discharged, or was inappropriate for prospective application. Furthermore, Sawyer did not demonstrate "exceptional or extraordinary circumstances," which are required to justify relief pursuant to Fed.R.Civ.P. 60(b)(6). *See Byers,* 151 F.3d at 578 (quoting *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir.1989)).

Accordingly, we deny the request for oral argument and affirm the district court's post-judgment order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.