**Louis David JOHNSON, Jr.,**
**Plaintiff–Appellant,**

v.

**UNKNOWN COOLMAN, R.U.O.; et al., Defendants–Appellees.**

No. 03–1909.

United States Court of Appeals, Sixth Circuit.

June 15, 2004.

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of

Louis David Johnson, Jr., Munising, MI, pro se.

Before: SILER and ROGERS, Circuit Judges; and FORESTER, District Judge.*

### ORDER

Louis David Johnson Jr., a Michigan state prisoner, appeals pro se a district court order denying his motion for relief from judgment, filed pursuant to Fed. R.Civ.P. 60(b), in a civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking $200,000.00 and a transfer to a different prison, Johnson filed a complaint against employees of the Michigan Department of Corrections. Johnson alleged that the defendants pushed him into his cell, pulled hard on the security strap attached

Kentucky, sitting by designation.

to his handcuffs, hurting his wrists, and then, while removing his cuffs, attempted to bend his thumb back. The attachments to the complaint indicated that Johnson was found guilty of assaulting a guard during the same incident, and was sentenced to thirty days' loss of privileges.

The district court dismissed the complaint for failure to state a claim, concluding that the de minimis physical force used by the defendants did not violate the Constitution, and Johnson's disciplinary conviction precluded him from arguing that he was the victim of an unprovoked assault. Johnson moved for relief from judgment, reasserting his claims. The district court denied the motion, and this appeal followed.

An order denying a motion for relief from judgment under Fed.R.Civ.P. 60(b) is reviewed for an abuse of discretion. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir.2001); *Hood v. Hood*, 59 F.3d 40, 42 (6th Cir.1995). Upon consideration, we conclude that no abuse of discretion occurred in this case.

Johnson's complaint was properly dismissed for failure to state a claim because he alleged only a minimal use of force by defendants in a legitimate attempt to return him to his cell. *See Hudson v. McMillian*, 503 U.S. 1, 9–10, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). In order to state a claim under the Eighth Amendment, Johnson was required to allege both a sufficiently grave deprivation and a sufficiently culpable state of mind on the part of the defendants. *Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir.1995). Lacking either of these elements, this complaint was properly dismissed for failure to state a claim, and Johnson's motion for relief from judgment added nothing to the analysis to require a different result.

We note that the district court alternatively cited *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), for the proposition that Johnson could not bring this claim without first having his disciplinary conviction overturned. The Supreme Court has subsequently clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. *Muhammad v. Close*, 540 U.S. 749, 124 S.Ct. 1303, 1306, 158 L.Ed.2d 32 (2004). Here, Johnson received only thirty days' loss of privileges as a sanction, and the holding of *Edwards* does not apply. However, the complaint was properly dismissed on the ground of failure to state an Eighth Amendment violation. Therefore, the denial of the motion for relief from judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.