NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0356n.06
Filed: June 20, 2008

No. 06-4330

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DIRECTV, INC. | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | On Appeal from the United |
| | ) | States District Court for the |
| v. | ) | Northern District of Ohio |
| | ) | |
| JOHN TURK, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before:      **MARTIN and ROGERS, Circuit Judges; and HOOD, District Judge.**[*]

**HOOD, DENISE PAGE, District Judge.** Defendant-Appellant John Turk ("Turk") appeals the Order Denying Motion for Relief from Judgment entered by the district court on August 7, 2006. The district court found Turk's Motion for Relief from Judgment filed under Fed. R. Civ. P. 60(b) untimely under Rule 60(b)(1). (J.A. 122-128) Turk timely filed a Notice of Appeal from the Order Denying Defendant's Motion for Relief from Judgment. For the reasons set forth below, the district court's order is REVERSED and REMANDED for further proceedings.

### I.

On April 16, 2002, Appellee DIRECTV, Inc. ("DIRECTV") filed a complaint against twenty-

---

[*] The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

three (23) defendants, including Turk alleging: Unauthorized Reception of Satellite Signals, 47 U.S.C. § 605(a); Unauthorized Interception of Electronic Communications in violation of 18 U.S.C. § 2511(1)(a); Possession of Pirate Access Devices in violation of 18 U.S.C. § 2512(a)(b); Possession of Unauthorized Device in violation of Ohio Revised Code §§ 2913.041 and 2307.62; and, Conversion. (J.A. 20-40) A Clerk's Entry of Default under Fed. R. Civ. P. 55(a) was entered on December 5, 2002 against Turk for failure to plead or otherwise defend the action. (J.A. 47-49) The district judge granted DIRECTV's Motion for Default Judgment on February 14, 2003. (J.A. 57-59) Judgment was entered in the amount of $10,850.00, which amount included attorney fees. (J.A. 57-59)

Turk filed a Notice of Appeal from the February 14, 2003 Default Judgment on March 13, 2003. (J.A. 60-64) We issued an Order to Show Cause why the appeal should not be dismissed for lack of jurisdiction since the February 14, 2003 default judgment was not a final appealable order. No response to the Order to Show Cause was filed and we dismissed the appeal for lack of jurisdiction without prejudice noting that there were pending parties and claims in the litigation before the district court. (J.A. 65-66)

The district court entered a Stipulation and Order in the litigation below on January 23, 2004 dismissing DIRECTV's final claims against the final defendant. (J.A. 67-68) On October 31, 2005, Turk filed a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b), arguing that Turk's permanent mental condition presents extraordinary circumstances to warrant relief from the judgment under Rule 60(b)(6). (J.A. 69-76) On August 7, 2006, the district court entered a

Memorandum Opinion and Order Denying Defendant's Motion for Relief from Default Judgment. (J.A. 122-28) The district judge found that relief under Rule 60(b)(6) was inapplicable stating that Turk's reason for failing to respond to the complaint because of his health ailments should be analyzed as "excusable neglect" under Rule 60(b)(1) instead of exceptional or extraordinary circumstances under Rule 60(b)(6). (J.A. 122-28) Because motions under Rule 60(b)(1) must be filed not more than one year after the judgment or order was entered, the district judge found Turk's motion untimely. (J.A. 122-28) Turk timely appealed the district court's order.

## II.

The issue raised by Turk is whether the district court erred in its interpretation that Rule 60(b)(1) applied rather than Rule 60(b)(6). Turk argues that the district court's finding that Turk's mental and physical disabilities as reasons for his failure to respond to plaintiff's complaint and subsequent motion for default judgment constituted neglect or carelessness under Rule 60(b)(1) was in error and that the district should have instead analyzed the motion under Rule 60(b)(6). (J.A. 126) DIRECTV claims that the district court properly analyzed Turk's reasons for failure to defend the action under Rule 60(b)(1).

The court reviews a district court's disposition of a Rule 60(b) motion under an abuse of discretion standard. The district court's order must be affirmed unless the court is left with a "definite and firm conviction that the trial court committed a clear error of judgment." *Logan v. Dayton Hudson Corp.,* 865 F.2d 789, 790 (6th Cir. 1989). A court may relieve a party from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

Rule 60(b)(6) is the catch-all provision allowing a court to set aside a judgment for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Rule 60(b) clauses (1) and (6) are mutually exclusive and the court must first analyze whether clause (1) applies before proceeding to analyze whether clause (6) applies. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 393 (1993).

The district court framed Turk's Rule 60(b)(6) motion as one under Rule 60(b)(1), stating that, "[b]y offering his mental and physical disabilities as the reason for his failure to respond to plaintiff's complaint and subsequent motion for default judgment, Turk argues that his health ailments should excuse his *neglect*." (J.A. 126)(italics added) The district court went on to rule that because the motion, filed on October 31, 2005, was filed more than one year after the entry of the February 14, 2003 judgment, the Rule 60(b) motion was untimely. Motions under subsection (b)(1) cannot be filed more than one year after the judgment was entered. Fed. R. Civ. P. 60(b).

We have yet to address the specific issue and facts raised in this appeal. However, the Bankruptcy Appellate Panel of the Sixth Circuit ("BAP") addressed a similar issue raised in *In re Geberegeorgis,* 310 B.R. 61 (6th Cir. BAP May 24, 2004). There, the bankruptcy court vacated a debtor's chapter 13 bankruptcy petition dismissal order under Rule 60(b)(6), rather than Rule 60(b)(1), based on the debtor counsel's proffered evidence of the debtor's hospitalization and heart problems which occurred within the time frame of the issues before the bankruptcy court. *In re Geberegeorgis,* 310 B.R. at 68. The BAP affirmed the bankruptcy court's order vacating the dismissal order under Rule 60(b)(6) reasoning that the party's inability to act because of an illness

was not neglect under Rule 60(b)(1), excusable or not. *In re Geberegeorgis,* 310 B.R. at 69. The BAP noted the Supreme Court's analysis in *Pioneer* in determining whether a party's actions constituted "neglect" under Rule 60(b)(1). The Supreme Court differentiated acts attributable to negligence from acts based on reasons beyond a litigant's control. *Pioneer*, 507 U.S. at 394-95. The BAP held that the bankruptcy court was within its discretion in vacating the dismissal order under Rule 60(b)(6) because the debtor's failure to respond was not due to "neglect" as contemplated under Rule 60(b)(1), but due to an illness which was beyond his control. *In re Geberegeorgis,* 310 B.R. at 69.

The BAP's reasoning is persuasive, and therefore Rule 60(b)(1) does not necessarily apply, as the district court held, because of the fact that Turk claimed to be entitled to relief due to his mental illness.

In the case at bar, Turk submitted evidence showing that he suffered from a mental disability beginning in 1985, was receiving Social Security benefits for the disability and that his disability was exacerbated by a robbery and beating on November 14, 2002. (J.A. 85-115) The return of service indicates that Turk was served with the Complaint on July 16, 2002 by posting on the door of his house. However, the certified mail service was returned unexecuted and unclaimed. (Docket Entries Nos. 45, 85; J.A. 6-9) The return of service based on ordinary mail service was returned executed on October 10, 2002. (Docket Entry No. 90; J.A. 10) An unsigned Praecipe for Entry of Default against Turk was filed by DIRECTV on November 26, 2002. (Docket Entry No. 102; J.A. 10-11) The certificate of service for this Praecipe fails to indicate that Turk was served with the Praecipe

for Entry of Default. (J.A. 46) The default was entered against Turk on December 5, 2002. (Docket Entry No. 105; J.A. 11) The Motion for Entry of Default Judgment was filed on January 17, 2003 and served on Turk on the same date. (J.A. 56) The Default Judgment was entered on February 14, 2003. (J.A. 58)

Based on the record below, it appears Turk may not have been served with the notice of the Praecipe for Entry of Default against Turk filed on November 26, 2002. Even if Turk had been served with notice of the Praecipe, Turk's mental condition was already aggravated because of the robbery and beating he suffered on November 14, 2002. Turk would have been unable to respond to the Praecipe for Entry of Default, the default entered against him on December 5, 2002 and the Motion for Entry of Default Judgment filed on January 17, 2003, either because he may not have received notice of the original Praecipe or because of his mental condition. Turk was proceeding *pro se* at this time. Turk's sister then attempted to assist her brother by seeking legal assistance on his behalf. (J.A. 85-88) Although erroneously filed, Turk's counsel had timely filed a Notice of Appeal from the Default Judgment entered against him on February 14, 2003. This was the first time Turk's counsel filed any papers on his behalf. (J.A. 4-12)

We recognize that *Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001) says that "neglect" under Rule 60(b)(1) applies to "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control," but that statement is not dispositive of this case. It is not clear that the "intervening circumstances" language was actually part of the holding in *Jinks* because it appears that the case did not involve any uncontrollable intervening

circumstances. In *Jinks*, the plaintiffs argued that they should be granted relief from summary judgment because of evidence that they were aware of, but did not obtain, prior to entry of the judgment. The plaintiffs claimed that the evidence — which was presented in an affidavit — was unavailable to them prior to summary judgment because the affiant had been hospitalized with an illness. This court refuted that argument, however, noting that the plaintiffs had known about the evidence for over a year and had failed to exercise due diligence in obtaining the affidavit. *See Jinks*, 250 F.3d at 387. It appears that the *Jinks* court did not apply Rule 60(b)(1) to a situation in which the movants sought relief on the basis of circumstances beyond their control. To the contrary, the court may have applied Rule 60(b)(1) because of the plaintiffs' carelessness. If that is the case, then this case is distinguishable on the ground that it may involve circumstances beyond the movant's control while *Jinks* did not.

The statement in *Jinks* that Rule 60(b)(1) applies to "intervening circumstances beyond the party's control" appears to be a misinterpretation of *Pioneer Investment Services Co. v. Brunswick Associates*. The "intervening circumstances" language comes from a discussion in *Pioneer* in which the Supreme Court was interpreting Bankruptcy Rule 9006(B)(1). Later in that opinion, however, the Supreme Court contrasted Rule 9006(B)(1) with Rule 60(b)(1) of the Rules of Civil Procedure. The Court explained that Rule 60(b)(1) would not produce the same results as Rule 9006(B)(1) because the "excusable neglect" standard in Rule 60(b)(1) only applies to situations attributable to negligence, and not to situations attributable to circumstances beyond a party's control. *See id.* at 394-95.

Although the district court erred in categorically applying Rule 60(b)(1), Rule 60(b)(6) applies instead only if Turk had actually been so incapacitated by his mental illness that the ability to respond to the complaint had been beyond his control. The matter is remanded for further proceedings in order for the district court to determine whether Turk was so incapacitated as to be unable to respond and whether Rule 60(b)(6) applies. At that point, the district court would also have to determine whether the Rule 60(b)(6) motion was timely filed.

## III.

For the reasons set forth above, the district court's order denying Turk's Rule 60(b) Motion for Relief from Judgment under Rule 60(b)(1) is REVERSED and this matter is REMANDED for further proceedings as more fully set forth above.