NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0522n.06

No. 16-2769

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| RICHARD ROSENBAUM, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | Sep 12, 2017 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| TOYOTA MOTOR SALES, U.S.A., INC., | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE:    COLE, Chief Judge; BATCHELDER and MOORE, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.**  Appellant Richard Rosenbaum purchased a Prius Plug-In Hybrid Electric vehicle, manufactured by Appellee Toyota Motor Sales, U.S.A., Inc. ("Toyota").  Rosenbaum was not satisfied with the hybrid vehicle because he could not complete his daily commute in electric-only mode, and the vehicle would not run in electric-only mode when the outside temperature fell below fifty-five degrees Fahrenheit.  He filed suit, raising contract, warranty, and Michigan Consumer Protection Act ("MCPA") claims and now appeals the district court's dismissal of two of those claims.  We affirm.

The Prius Plug-In Hybrid Electric is a hybrid vehicle that can run on both electric charge and gasoline, with an enhanced battery capacity to allow for extended electric-only use.  On July 18, 2012, Rosenbaum purchased a Prius Plug-In from Page Imports, Inc., in Southfield, Michigan.  Rosenbaum alleged that "[p]rior to [his] purchase, TOYOTA specifically represented that the fully electric range was at minimum thirteen (13) miles on its website and through

various other marketing and advertising mediums and makes no mention of the limitation regarding the outdoor temperature and the vehicles [sic] ability to operate in certain climates."[1] He alleged that he purchased the vehicle to drive "his 12.07 mile trip from his home to his office without using the gasoline engine." However, after Rosenbaum's purchase, he discovered that he could travel only eight to ten miles while using the vehicle in electric-only mode and that the vehicle would not operate in electric-only mode at all when the outside temperature fell below fifty-five degrees Fahrenheit. Based on these discoveries, Rosenbaum alleged that the "vehicle did not perform as warranted and represented in that it has repeatedly failed to meet the specific electric mileage warranted and represented by [Toyota] due to defective parts and workmanship, as well as the ability to function in electric mode in temperatures below fifty-five (55) degrees Fahrenheit."

Rosenbaum filed a purported class action suit against Toyota in the United States District Court for the Eastern District of Michigan, alleging three claims: (1) breach of contract; (2) breach of express and implied warranties of merchantability; and (3) violation of the MCPA. The district court dismissed the action pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court concluded that Rosenbaum failed to state a claim for breach of contract or breach of express warranty because Rosenbaum failed to allege that he was in privity with Toyota. The district court also found that Rosenbaum had failed to state a claim that Toyota had breached the implied warranty of merchantability, because he did not allege facts showing that the Prius Plug-In was unfit for its ordinary purpose. Specifically, the district court determined that Rosenbaum had failed to state a claim because he did not allege facts regarding the average quality of the

---

[1] Rosenbaum also alleged in his complaint that Toyota "conducted a marketing campaign stating that the Prius Plug-In can operate for up to thirteen (13) miles on a full charge." It therefore appears that Rosenbaum received conflicting information about the vehicle. However, as this matter is before us on review of an order granting a motion to dismiss, we accept Rosenbaum's factual allegations as true and view the complaint in the light most favorable to him. *See Moody v. Mich. Gaming Control Bd.*, 847 F.3d 399, 402 (6th Cir. 2017).

vehicle in the industry or that his vehicle was below average quality. Finally, the district court determined that Toyota's alleged conduct was exempt from the MCPA because federal and state law "specifically authorized" and governed Toyota's advertisements. *See* Mich. Comp. Laws § 445.904(1).

Rosenbaum then filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(1) on his claim for breach of the implied warranty of merchantability, raising new arguments directed, not toward merchantability, but toward the hybrid vehicle's unique purpose and the circumstances of his purchase of the vehicle. The district court denied Rosenbaum's motion for relief, explaining that these new arguments were irrelevant to his implied warranty-of-merchantability claim. Instead, the district court explained, such arguments were more appropriate for a claim for breach of the implied warranty of fitness for a particular purpose—a claim that Rosenbaum had not alleged in his complaint. Rosenbaum timely appealed the district court's dismissal order and order denying the motion for relief.

We review for abuse of discretion a district court's denial of a Rule 60(b) motion for relief from judgment, and our review does not encompass the merits of the underlying judgment. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Id.* (citation omitted).

On appeal, Rosenbaum repeats the arguments regarding the hybrid vehicle's unique purpose and the circumstances of his purchase that he raised in his Rule 60(b)(1) motion. Rosenbaum, however, has neither argued nor demonstrated any basis on which we could conclude that the district court erred in its determination that Rosenbaum's new arguments did not support a merchantability claim and that Rosenbaum had never pled a fitness-for-particular-

purpose claim. Nor has he provided any other basis for a conclusion that the district court abused its discretion in denying his Rule 60(b)(1) motion. We therefore consider Rosenbaum's appeal of the order denying his motion for relief waived. *See Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007).

Moreover, on the merits of Rosenbaum's Rule 60(b)(1) arguments, the district court did not err. The implied warranty of merchantability is distinct from the implied warranty of fitness for a particular purpose under Michigan law. *See* Mich. Comp. Laws § 440.2314 (detailing the implied warranty of merchantability); Mich. Comp. Laws § 440.2315 (describing the separate implied warranty of fitness for a particular purpose); *Bosway Tube & Steel Corp. v. McKay Mach. Co.*, 237 N.W.2d 488, 490–91 (Mich. Ct. App. 1975). Rosenbaum did not allege a claim for breach of the warranty of fitness for a particular purpose. Accordingly, we find that the district court did not abuse its discretion by rejecting Rosenbaum's arguments.

To the extent that Rosenbaum has properly presented other arguments, those arguments are meritless. After carefully reviewing the record, the applicable law, and the parties' briefs, we are convinced that the district court did not err in its conclusions. The district court's orders carefully and correctly set out the law governing the issues raised and clearly articulate the reasons underlying its decisions. Thus, issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's orders, we affirm.