**Sandra RICE, Plaintiff–Appellant,**

**v.**

**Martin RUNYON, Defendant–Appellee.**

**No. 99–4255.**

United States Court of Appeals, Sixth Circuit.

Oct. 15, 2001.

Before KENNEDY, RALPH B. GUY, JR., and BOGGS, Circuit Judges.

PER CURIAM.

Sandra Rice appeals dismissal of her employment discrimination claims against the United States Postal Service (USPS). In her complaint, Rice alleged that she was improperly discharged from her position at the USPS on account of her sex, her disability, and in retaliation for her prior allegations of discrimination, in violation of the Rehabilitation Act, 29 U.S.C. § 791 *et seq.,* the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.,* and Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.* . Upon the recommendation of a magistrate judge, the district court granted the USPS summary judgment on all of Rice's claims and dismissed her case. She argues on appeal that summary judgment was inappropriate because there is a genuine issue of material fact as to the timeliness of her filing of one of her claims. In support of her argument she presents evidence to support this claim that she did not present to the district court. We affirm.

I

Rice's claims were based on five separate allegations of discrimination, contained in five Equal Employment Opportunity (EEO) files she had opened between 1993 and 1997. The district court granted summary judgment after determining that each of Rice's claims were untimely. Rice's appeal, however, is limited by her final brief to the decision with respect to the last of the files, EEO File 4C 442–0190–97.

The facts as they were known to the district court are as follows. On May 3, 1997, Rice requested administrative counseling with respect to the file at issue, a required prerequisite to filing a formal complaint. On July 11, 1997, Rice's attorney of record received the administrative response rejecting her claim and informing Rice that she could file a formal complaint within 15 days of that notice. Though not set out explicitly by the parties, it appears that Rice's attorney received the letter and the Form 2565, which is used to file a formal complaint, while Rice received only a copy of the letter. The USPS received Rice's filled-out Form 2565 on August 18, 1997. Because Rice had filed her complaint more than 15 days after July 11, 1997, the USPS dismissed the complaint as untimely filed.

The only additional piece of information the district court had before it was a statement by Rice, submitted in an affidavit filed in response to the USPS's motion for summary judgment, that during the time between receiving her copy of the USPS's administrative response and her filing of the formal complaint, she requested "the paperwork to file and was denied it" and that she "filed the paperwork immediately after receiving [her] attorney['s] copy."

Based on statements by Rice in her brief to this court and in documents added to the record after the district court's grant of summary judgment, we have additional information about the events taking place between Rice's receipt of the USPS administrative rejection and her filing of the formal complaint. According to these materials, Rice sent a letter to EEOC Counselor Rebecca Pagan on July 22, 1997, stating that she wished to file a formal complaint, but had not received the required form. On July 28, 1997, Pagan sent Rice a letter acknowledging receipt of her July 22 letter and stating that she had

mailed both the notice and form to Rice's attorney of record by certified mail. On August 5, 1997, Rice claims to have received Form 2565 from her attorney, which she mailed on or about August 13, 1997.

After Rice brought suit in district court, the USPS moved for summary judgment, in the case of the file in question, on the basis that Rice had failed to file her formal complaint within the statutorily prescribed time period. In support of this motion, the USPS included the form by which Rice listed George B. Vasko as her attorney of record, certified mail receipts showing receipt by Vasko of the letter stating Rice's right to file a formal complaint (and the required form) and Rice's formal complaint, dated more than 15 days later. Rice's response to the USPS's motion for summary judgment was a list of objections to the arguments made in the USPS's motion. This list included the statement quoted above, that Rice had "requested the paperwork to file and was denied it by Rebecca Pagan" but that Rice had "filed the paperwork immediately after receiving [her] attorney['s] copy."

On appeal, Rice claims that there is a genuine issue of material fact as to whether the 15–day time limit should have been equitably tolled because, she alleges, she did not receive the required form, but within 15 days sent Pagan a letter stating her intention to file a formal complaint and requesting the form. Rice has presented to this court explanation and documentary evidence to support her claim that the 15–day period should have been tolled; however, she failed to present any evidence to the magistrate judge or the district court in advance of the summary judgment decision. It was not until after the district court decided the summary judgment issue and dismissed the case that Rice filed and was granted by Judge Dowd a "Motion to Supplement Documentation." Rice's docu-mentary evidence supporting her equitable tolling claim is included in that supplemental documentation.

## II

### *Standard of Review*

Summary judgment is appropriate only where there is no issue of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party must demonstrate to the court through reference to pleadings and discovery responses the absence of a genuine issue of material fact. *Id.* The burden on the non-moving party is to show, through the use of evidentiary materials, the existence of a material fact which must be tried. *Id. at 324, 106 S.Ct. 2548.* The inquiry for the court is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In short, "The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989), quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 250, 106 S.Ct. 2505.

This court reviews de novo district court decisions to grant summary judgment. *Id.* at 249, 106 S.Ct. 2505; *Kroll v. United States,* 58 F.3d 1087, 1090 (6th Cir.1995).

### *Summary Judgment on Rice's claim based on EEO File 4C 442–0190–97*

Rice's current attorney argues before this court that Rice should have been

granted an equitable tolling of the statutory response period. However, the question before us is not whether Rice intrinsically deserves to have the period tolled in her case, but whether the district court erred in granting the USPS summary judgment on Rice's claim, based on the record before the court at that time.

Based on the standard set out above for a non-movant to oppose a motion for summary judgment, it is clear that Rice did not carry her burden before the district court and that summary judgment was therefore appropriate. Rice's only reply to the USPS's well-supported motion showing the absence of a question of material fact with regard to EEO File 4C 442–0190–97 was a one-line statement that she had not received the required formal complaint form, and so was not able to file it until she could get it from her attorney. Rice made no allegation as to why sending the form to her attorney of record was insufficient, nor that he was no longer her attorney. The documentation showing Rice's letter to Pagan requesting a form and Pagan's response was only added by Rice to the Joint Appendix on March 15, 2001, approximately a year and a half after Judge Dowd adopted the Report and Recommendation of the magistrate judge and granted the USPS's motion for summary judgment.

At the time of consideration, Judge Dowd had before him from Rice only what he described as "a list of bald factual statements (some of which are rather vague in nature) that contradict some of the magistrate's findings." Just one of these statements purportedly raised a question of material fact regarding EEO File 4C 442–0190–97. However, that statement, that Rice filed late because she had not received the form, had been addressed by the movant's evidence showing that George Vasko was Rice's attorney of record and that he had received the letter and the form. Therefore, it is clear that Rice failed to live up to the requirement set out by the Supreme Court in *Liberty Lobby* and this court in *J.C. Bradford & Co.*, that the non-movant present "affirmative evidence" showing a question of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 250, 106 S.Ct. 2505; *Street v. J.C. Bradford & Co.*, 886 F.2d, at 1479.

The fact that Rice now attempts to present affirmative evidence to this court to support her claim of a material issue of fact does not change the analysis. We review the record as it was at the time of the district court's decision. *See United States v. Bonds*, 12 F.3d 540, 552 (6th Cir.1993) (refusing to consider on appeal a report that was not part of the record before the district court). Rice did not attempt to request reconsideration by the district court when she added the evidence and arguments contained in her supplemental record; she simply sought to present to this court a record materially different from that presented below. However, since it is on the basis of the record as presented to the district court that we consider this appeal, it is clear that the USPS was entitled to summary judgment on Rice's claim based on EEO File 4C 442–0190–97.

## III

For the foregoing reasons, we AFFIRM the grant of summary judgment.