Sandra RICE, Plaintiff–Appellant,

v.

Marvin T. RUNYON, Postmaster, Defendant–Appellee.

No. 02–3477.

United States Court of Appeals, Sixth Circuit.

Jan. 27, 2004.

Geoffrey Damon, Damon Law Office, Cincinnati, OH, for Plaintiff–Appellant.

Sandra Rice, Bethesda, OH, pro se, for Plaintiff–Appellant.

Marlon A. Primes, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, for Defendant–Appellee.

Before BOGGS, Chief Judge; NORRIS and CLAY, Circuit Judges.

CLAY, Circuit Judge.

Plaintiff, Sandra Rice, appeals the district court's order denying her request for relief from judgment pursuant to Fed. R.Civ.P. 60(b)(6). For the reasons set forth below, we AFFIRM the district court's judgment.

## BACKGROUND

Plaintiff was employed by Defendant, the United States Postal Service ("USPS"), until her March 15, 1997 termination, on the stated grounds of performance deficiencies. Plaintiff contacted the USPS' Equal Employment Opportunity ("EEO") counselors five times from 1992 to 1997, to discuss work-related grievances. The incidents that give rise to this case occurred in 1997. On May 3, 1997, Plaintiff contacted an EEO counselor regarding workplace issues that had arisen in January of 1997. (J.A. at 130.) On July 11, 1997, Plaintiff's counsel received a letter from EEO officer Rebecca S. Pagan,

dated July 10, 1997, advising Plaintiff that she could file a formal complaint by returning an "enclosed PS Form 2565, EEO Complaint of Discrimination in the Postal Service," within fifteen days of receipt. Pagan's letter also made reference to an "enclosed PS Form 2579-A (Notice of Final Interview)." (J.A. at 150.) In a handwritten letter dated July 22, 1997, Plaintiff informed Pagan that on July 15, 1997 Plaintiff had received her letter but that neither of the two forms referenced as "enclosed" had in fact been enclosed. Nor does it appear that the forms were sent to Rice through her counsel.[1] Plaintiff's letter requested that those forms be sent to her. (J.A. at 154.) Pagan received Plaintiff's letter on July 28, 1997. (J.A. at 155.) Plaintiff later received the required forms. On August 13, 1997, Plaintiff mailed the complaint form, which was filed on August 18, 1997. (J.A. at 118–20.) On the complaint form, Plaintiff stated that she had received the forms on August 5, 1997. (J.A. at 118.) On September 8, 1997, the USPS dismissed the complaint as untimely filed, stating that a complaint must be filed

within fifteen days of receipt of notice of the right to file a complaint (citing 29 C.F.R. § 1614.106) and that Plaintiff's complaint had been filed thirty-three days after the receipt of such notice. (J.A. at 121.)

In February of 1998, Plaintiff filed in federal court a Complaint alleging violations of the Rehabilitation Act. 29 U.S.C. §§ 791–97, the Americans With Disabilities Act, 42 U.S.C. §§ 12101–12213, and Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000(e)–2000h–6. The district court referred the case to a magistrate judge, who granted Defendant's motion for summary judgment, on the grounds that Plaintiff had failed to exhaust administrative remedies. Plaintiff filed a timely notice of appeal. On October 15, 2001, this Court affirmed the district's court dismissal in an unpublished *per curiam* order. *See Rice v. Runyon*, No. 99–4255, 2001 WL 1320748 (6th Cir. Oct.15, 2001) (unpublished) (*per curiam*). On February 4, 2002, through counsel, Plaintiff filed a motion for relief from judgment, pursuant to Fed.R.Civ.P. 60(b)(6). The district court denied the mo-

---

1. There is no evidence on the record that the forms (especially, PS Form 2565), were sent to Rice's attorney. This Court, in a previous ruling in this matter, acknowledged the lack of such evidence (though the Court conjectured that the forms might have been sent to counsel). *Rice v. Runyon*, 21 Fed.Appx. at 409 (6th Cir.2001) (*"Though not set out explicitly by the parties*, it appears that Rice's attorney received the letter and the Form 2565, which is used to file a formal complaint, while Rice received only a copy of the letter."*) (emphasis added).

Elsewhere from the record, there is no reason to believe that the forms were sent to Rice's attorney. The district court in the present proceeding does not suggest that the complaint form was sent to Plaintiff's counsel with the July 10, 1997 letter. (J.A. at 21) ("Plaintiff concedes that [Plaintiff's attorney] Vasko received *Pagan's letter* on July 11, 1997 ....") (emphasis added). Nor does Respondent-who would be expected to have the knowledge and motivation to raise this point,

if it were true-make this argument. (Respondent's Brief at 6) ("On July 11, 1997, Rice's counsel received a letter indicating that she had fifteen (15) days to file a formal complaint."). The magistrate judge's report in the prior proceeding does not mention any forms having been sent to Plaintiff's attorney. (J.A. at 130) ("By letter dated July 10, 1997 plaintiff was advised by the EEO officer that she could file a Formal Complaint within 15 days of notice."). Nor does the district court's order in the prior proceeding reference any distinction between the mailing sent to Plaintiff's attorney and that sent to Plaintiff. (J.A. at 139–40.) Defendant's Brief in the prior proceeding actually suggests (by *expressio unius. exclusio alterius*) that PS Form 2565 was not included in the mailing to Plaintiff's attorney. (J.A. at 48) (stating. "The Notice included a copy of PS Form 2579-A. entitled, Notice of Right to File Individual Complaint," but making no mention of PS Form 2565).

tion on March 26, 2002. Plaintiff filed a timely notice of appeal.

## DISCUSSION

The district court denied Plaintiff's request for relief from judgment, pursuant to Fed.R.Civ.P. 60(b)(6). We review a district court's denial of a Rule 60(b) request for relief from judgment for an abuse of discretion. *Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 385 (6th Cir.2001). An abuse of discretion is found only where there is a "definite and firm conviction that the trial court committed a clear error of judgment." *Id.* (citation and quotation marks omitted).

The authority under which Plaintiff sought for relief from judgment. Fed. R.Civ.P. 60(b)(6). states:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason justifying relief from the operation of the judgment.

The residual clause contained in Rule 60(b)(6) may afford relief only in exceptional circumstances not otherwise addressed by the Rule 60(b)'s first five numbered clauses. *Lewis v. Alexander,* 987 F.2d 392, 395 (6th Cir.1993); *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365–66 (6th Cir.1990). A party may only invoke subsection (b)(6) in "unusual and extreme circumstances where principles of equity mandate relief." *Olle,* 910 F.2d at 365.

Plaintiff sets forth two arguments, the first asking for equitable tolling of the filing deadline on account of Defendant's mistakenly not enclosing the forms in its initial letter to her, the second attempting to estop Defendant from asserting a statute of limitations due to Defendant's allegedly erroneous determination that a "final interview" had occurred. We take these arguments in order.

## I.

■ First, Plaintiff points to the USPS' failure to include the forms in its letter, dated July 10, 1997, advising her of her right to file a formal complaint within fifteen days. Plaintiff argues that she filed her complaint within fifteen days of receiving the required form. The handwritten letter from Plaintiff, advising Pagan that the forms had not been enclosed, was not a "complaint." The applicable regulation states, in part:

A complaint must contain a signed statement from the person claiming to be aggrieved or that person's attorney. This statement must be sufficiently precise to identify the aggrieved individual and the agency and to describe generally the action(s) or practice(s) that form the basis of the complaint.

29 C.F.R. § 1614.106(c). Plaintiff's letter did not describe any of the facts that aggrieved her but simply requested the forms referenced by Pagan. (J.A. at 154.) Thus, Plaintiff failed to file a complaint by the deadline, which requires that filing occur within fifteen days of receipt of notice of the right to file a complaint. 29 C.F.R. §§ 1614.105(d), 1614.106(b).

■ Plaintiff argues that Defendant's mistake in failing to enclose the forms should serve as the basis for equitable tolling. It is true that Plaintiff's failure to comply with the deadline can be attributed in large part to the letter from Pagan. In addition to not including the forms that it referenced, the letter stated, "you must complete and submit the PS Form 2565 within 15 days of receipt." (J.A. at 150.) Upon review, this appears to be erroneous: the regulation stating the requirements of a "complaint." 29 C.F.R. § 1614.106(c), does not require the use of any particular form. But the letter stated, "you must complete" the form.

The letter contained another significant error: it is easy to understand how Plaintiff might have read Pagan's letter to mean that the form must be completed and submitted "within 15 days of receipt" *of the form*-instead of "within 15 days of receipt" of the letter, per 29 C.F.R. §§ 1614.105(d), 1614.106(b). Pagan's letter was quite misleading, because the term "within 15 days of receipt" immediately followed mention of "PS Form 2565." Though this may have been a boilerplate letter, Pagan was perhaps unaware of the misleading statement as to the tolling of the fifteen-day period-the enclosed forms are normally included with the letter granting the party the right to file a complaint, and thus the letter and the forms are usually received at the very same time. The statement was still misleading enough to run afoul of the counselor's duty to offer "notice [that] shall inform the complainant of the right to file a discrimination complaint within 15 days of *receipt of the notice* ...." 29 C.F.R. § 1614.105(d) (emphasis added).

Nonetheless, we cannot say as a matter of law that the errors in Pagan's letter should serve to nullify the regulation requiring that a complaint be filed within fifteen days of receiving notice of the right to file a complaint. Plaintiff could have filed a complaint, per 29 C.F.R. § 1614.106(c), without using the forms that were referenced in Pagan's letter. Of course, to file such a complaint, Plaintiff would have had to find out the substantive requirements of a complaint, as defined in 29 C.F.R. § 1614.106(c), within a matter of days. Yet Plaintiff was represented by counsel, who could have assisted in the process of ascertaining the requirements.

Moreover, it is quite likely that Plaintiff could have acquired the complaint form from Pagan in time enough to comply with the deadline. Plaintiff's counsel received the Pagan's letter on July 11, 1997 and Pagan did not receive Plaintiff's handwritten response letter, dated July 22, 1997 until July 28, 1997. Rather than waiting for more than a week to respond to Pagan's letter, and then responding through ordinary mail service, Plaintiff could have proceeded in other ways that would have been more expeditious. Plaintiff or Plaintiff's counsel could have attempted to contact Pagan earlier than eleven days after counsel's receiving the letter. Additionally, to alert Pagan as to the missing forms, Plaintiff or Plaintiff's counsel could have chosen a faster mode of communication than sending an ordinary letter. Plaintiff could have phoned Pagan at the contact number listed prominently in Pagan's letter. (J.A. at 150) ("If you have any questions, please contact me at...."). Or Plaintiff could have sent an expedited letter, through the postal service or through a private carrier.

Based on the above-mentioned considerations, we cannot say that the district court abused its discretion in declining to rule that the errors in Pagan's letter justified relief from judgment based upon equitable tolling.

## II.

Plaintiff's second argument is that after her May 3, 1997 initial contact of an EEO counselor, she was never given a "final interview," and thus Defendant should be estopped from asserting a statute of limitations.

The applicable regulations mention a "final interview," but not as a procedural requirement which if not abided by would nullify the fifteen-day deadline for filing a complaint. The regulations cite a "final interview" in stating,

the Counselor shall conduct the final interview with the aggrieved person within 30 days of the date the aggrieved person contacted the agency's EEO office to request counseling. If the matter has not been resolved, the aggrieved

person shall be informed in writing by the Counselor, not later than the thirtieth day after contacting the Counselor, of the right to file a discrimination complaint.

29 C.F.R. § 1614.105(d).

The EEO's alleged failure to provide a "final interview" within thirty days of Plaintiff's May 3, 1997 contact does not negate the procedural requirements for filing a complaint. The regulation describes the "final interview" in the context of the formal complaint process. It would appear that the "final interview" is a procedural hurdle which an employee must satisfy before being allowed to file a complaint and that in the present case the requirement was waived for Plaintiff, as a courtesy. Moreover, there is no indication that Plaintiff sought out a "final interview" either prior to receiving Pagan's letter, or afterwards. Even if Plaintiff was initially unaware of the "final interview" procedure, Pagan's letter mentions an "enclosed PS Form 2579–A (Notice of Final Interview)." Yet Plaintiff's response to that letter did not alert Pagan to the fact that Plaintiff in fact had not received a "final interview."

The district court did not abuse its discretion, in declining to rule that failure to provide a "final interview" justified relief from judgment.

## CONCLUSION

Neither of Petitioner's arguments convince us that the circumstances were so unusual or extreme that, as a matter of law, principles of equity mandated the district court to grant relief. The district court did not abuse its discretion, in denying relief. For the foregoing reasons, we AFFIRM the judgment of the district court.

BOGGS, Chief Judge, concurring in the judgment.

While I agree with our court's decision to affirm the district court and with much of the reasoning in part I regarding the defects in plaintiff's claim of equitable tolling, I would prefer to rest my affirmance on the indisputable (and indeed unchallenged) fact that the USPS properly sent, and Rice's attorney of record received, the appropriate form rejecting her claim and informing Rice that she could file a formal complaint within fifteen days of that notice. *See Rice v. Runyon*, 21 Fed.Appx. 408 (6th Cir.2001). Under *Ball v. Abbott Adver., Inc.*, 864 F.2d 419, 420–21 (6th Cir.1988), such proper notice to the complainant's attorney "destroys any possible basis for applying the 'equitable tolling' doctrine . . . ."