*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0103P (6th Cir.)
File Name: 04a0103p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

GARY CARR,
     *Plaintiff-Appellant,*

    *v.*

RELIANCE STANDARD LIFE
INSURANCE COMPANY,
     *Defendant-Appellee.*

No. 02-2377

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 02-70387—Denise Page Hood, District Judge.

Submitted: March 17, 2004

Decided and Filed: April 14, 2004

Before: ROGERS and COOK, Circuit Judges;
SCHWARZER, Senior District Judge.[*]

_____

[*] The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

———————————

## COUNSEL

**ON BRIEF:** Walter J. Goldsmith, Mark H. Fink, MADDIN, HAUSER, WARTELL, ROTH, HELLER & PESSES, Southfield, Michigan, for Appellant. Joshua Bachrach, RAWLE & HENDERSON, Philadelphia, Pennsylvania, for Appellee.

———————————

## OPINION

———————————

WILLIAM W SCHWARZER, Senior District Judge. Gary Carr appeals the district court's judgment rejecting his claim for long-term disability ("LTD") benefits under the plan maintained by his employer and administered by the defendant, Reliance Standard Life Insurance Company ("Reliance").

Carr suffered from severe coronary artery disease and was an insulin-dependent diabetic. He worked full-time until June 27, 1999, when he left his position for treatment for necrotizing fasciitis ("flesh-eating bacteria"). He returned to work on a part-time basis on August 16, 1999. He continued to work part-time until January 14, 2000, when he left his position permanently on account of his disability. After initially rejecting Carr's claim for LTD benefits for lack of sufficient clinical findings, Reliance again reviewed the claim after Carr filed suit. It determined that Carr was not eligible for benefits because he did not qualify under the definition of Total Disability when he ceased being a full–time employee on June 27, 1999.

The LTD plan provides in relevant part:

"Totally Disabled" and "Total Disability" mean, that as a result of an Injury or Sickness:

(1)  *during the Elimination Period, an Insured cannot perform each and every material duty of his/her regular occupation*; and

(2)  for the first 60 months for which a Monthly Benefit is payable, an Insured cannot perform the material duties of his/her regular occupation;

   (a)  "Partially Disabled" and "Partial Disability" mean that as a result of an Injury or Sickness an Insured is capable of performing the material duties of his/her regular occupation on a part-time basis or some of the material duties on a full-time basis.  An Insured who is Partially Disabled will be considered Totally Disabled, except during the Elimination Period. . . .

(Emphasis added.)  Reliance determined that Carr was not Totally Disabled during the Elimination Period because he "demonstrated that he was not disabled from ***Each and Every*** material duty of his occupation during the period that he worked 20 hours weekly in his executive capacity with several operating units reporting to him between August 16, 1999 and January 15, 2000."  It also determined that Carr could not recover benefits beginning on January 14, 2000, when he left work permanently, because his coverage had terminated as of June 27, 1999, when he ceased being an active, full-time employee as required under the terms of the plan.

On cross-motions for summary judgment, the district court granted Reliance's motion, rejecting Carr's claim for benefits beginning on June 26, 1999.  It held that "[i]t is clear from the Policy language that an employee cannot be partially disabled during the Elimination Period" and that here "[t]here is nothing in the medical record that shows that Plaintiff was unable to perform the material duties of his occupation while he was working part-time between August 1999 and January 2000."

Carr timely appealed.  The district court had jurisdiction under 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291.

**DISCUSSION**

Under the terms of the plan at issue, Reliance serves as the claims review fiduciary with respect to the insurance policy and the plan and has the discretionary authority to interpret the plan and the insurance policy and to determine eligibility for benefits.[1]  We therefore review its "decision to deny benefits using 'the highly deferential arbitrary and capricious standard of review.'"[2]  *Killian v. Healthsource Provident Adm'rs*, 152 F.3d 514, 520 (6th Cir. 1998) (quoting *Yeager v. Reliance Standard Life Ins. Co.,* 88 F.3d 376, 380 (6th Cir. 1996)).

Carr contends that Reliance and the district court erred in interpreting the plan's definition of "Total Disability" to bar recovery if the applicant can perform any of his material duties during the Elimination Period.  He argues that "the Policy unmistakably manifests the intent and understanding

---

[1]We reject Carr's contention that Reliance should be estopped from receiving the benefit of this provision of the plan because, in response to a request made prior to the filing of this lawsuit, the company erroneously sent him an earlier version of the policy which did not give Reliance discretion to interpret the plan and determine eligibility for benefits.  Carr has failed to establish the elements of an estoppel claim, in particular that he detrimentally and justifiably relied on actions or representations of Reliance. *See Trustees of the Mich. Laborers' Health Care Fund v. Gibbons*, 209 F.3d 587, 591 (6th Cir. 2000).

[2]Our application of the arbitrary and capricious standard of review is "shaped by the circumstances of the inherent conflict of interest" arising from the fact that Reliance both funded the plan and determined eligibility for benefits. *Borda v. Hordy, Lewis, Pollard & Page, P.C.,* 138 F.3d 1062, 1069 (6th Cir. 1998) (internal quotation omitted).  However, we have not found that this inherent conflict of interest in any way influenced Reliance's decision. *See Peruzzi v. Summa Med. Plan*, 137 F.3d 431, 433 (6th Cir. 1998).

that an Injured who, during the Elimination Period, is unable to perform one or more of the material duties of his/her regular occupation — even on a part-time basis — will be deemed Totally Disabled."

We disagree.  The plan plainly limits finding  "Total Disability" to a claimant who "cannot perform each and every material duty of his/her regular occupation" during the Elimination Period.  If a claimant can perform even one material duty of his regular occupation during the Elimination Period, he is not totally disabled.  *See Gallagher v. Reliance Standard Life Ins. Co.*, 305 F.3d 264, 275 (4th Cir. 2002) ("Because Gallagher could perform certain occupational duties prior to [the date he resigned] and has not presented evidence demonstrating that his condition became more severe on or after [that date], we conclude that Gallagher has not submitted objectively satisfactory evidence that he was unable to perform each and every material duty of his occupation during the elimination period."); *Porter v. Metropolitan Life Ins. Co.*, 17 F. Supp. 2d 500, 506 (D.S.C. 1998) (affirming company's determination that analogous provision means "that it need only demonstrate that [the applicant] is not wholly and continuously unable to do her job (i.e. that there is some part of her job that she can do)").

Here, it is undisputed that Carr returned to work on August 16, 1999, before the end of the Elimination Period, and continued to work part-time until January 14, 2000. He worked approximately twenty hours per week and earned roughly $4,400 every two weeks.  This record supports the finding that during the Elimination Period, Carr was not unable to "perform each and every material duty of his [occupation]."  Indeed Carr's situation falls squarely within the plan's definition of "Partial Disability" since he was "capable of performing the material duties of his[] regular occupation on a part-time basis."  The plan clearly states that an insured who is only Partially Disabled during the

Elimination Period will not be considered Totally Disabled and thus eligible for benefits.[3]

Because we conclude that Reliance did not act arbitrarily or capriciously in denying Carr's claim for LTD benefits, the judgment of the district court is **AFFIRMED**.

---

[3]Carr also argues that his reasonable expectations concerning the interpretation of the plan should control. He concedes on reply, however, that this *contra proferentum* rule applies only where contractual language is found to have more than one interpretation. S*ee Marquette Gen. Hosp. v. Goodman Forest Indus.*, 315 F.3d 629, 632 n.1 (6th Cir. 2003). As discussed above, the plan is unambiguous on its face, rendering Carr's reasonable expectations irrelevant.