**Lisa ALRED (GRAY), Plaintiff–Appellant,**

v.

**FEDERAL EXPRESS CORPORA-TION, doing business as Fed Ex, Defendant–Appellee.**

No. 03–6175.

United States Court of Appeals, Sixth Circuit.

Sept. 22, 2004.

---

Cynthia Hall Templeton, Templeton Law Firm, Gallatin, TN, for Plaintiff–Appellant.

John E. Dunlap, The Law Office of John E. Dunlap, John M. Oehmler, Memphis, TN, for Defendant–Appellee.

Before SILER, BATCHELDER, and ROGERS, Circuit Judges.

## ORDER

Lisa Alred (Gray) appeals a district court order that denied her Fed.R.Civ.P. 60(b) motion for relief from judgment in this action filed under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461. The parties have not requested oral argument in this case. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Alred filed her complaint in the district court by counsel alleging that she was improperly denied benefits under a long-term disability policy provided by her employer, Federal Express Corporation (Fed Ex). Plaintiff named Fed Ex and Kemper Insurance Company as defendants. Fed Ex filed an answer and counterclaim, and Alred and Fed Ex subsequently filed a joint motion to stay the action to allow Alred to pursue administrative remedies. The district court granted the stay, but the case was reopened after administrative remedies were exhausted. Thereafter, Alred filed a motion for summary judgment and Fed Ex responded in opposition and moved for judgment on plaintiff's claim and for summary judgment on its counterclaim. The district court granted Fed Ex's motions. Alred filed a notice of appeal taken from the district court's judgment, which this court dismissed as untimely. *Alred v. Fed. Express Corp. d/b/a Fed. Ex*, No. 02–6331 (6th Cir. Mar. 20, 2003) (unpublished).

While Alred's appeal was pending before this court, Alred filed the instant motion for relief from judgment in the district court alleging that newly discovered documents entitle her to reconsideration of the underlying judgment pursuant to Fed. R.Civ.P. 60(b)(2). After this court dismissed Alred's appeal as untimely, the underlying case was transferred from the docket of Judge Gibbons, who had been elevated to this court, to the docket of Judge Breen. Alred then filed a memorandum in support of her motion alleging that she is entitled to relief under both Fed.R.Civ.P. 60(b)(2) and 60(b)(6). Judge Breen denied plaintiff's motion for relief from judgment, and Alred filed a timely notice of appeal.

On appeal, Alred contends that the district court erred in denying her motion for

relief from judgment. Fed Ex responds that the district court did not clearly err in denying Alred's motion. Upon consideration, we affirm the order because the district court did not abuse its discretion in denying Alred's Fed.R.Civ.P. 60(b) motion. *See Johnson v. Unknown Dellatifa,* 357 F.3d 539, 543 (6th Cir.2004).

A Fed.R.Civ.P. 60(b) motion may not be used as a substitute for an appeal, and an appeal from the denial of a Fed.R.Civ.P. 60(b) motion does not bring up the underlying judgment for review. *Browder v. Dir., Dep't of Corr.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir.1989). Rather, this court's inquiry is limited to whether one of the circumstances specified in Fed. R.Civ.P. 60(b) exists which might permit plaintiff to reopen the merits of his underlying claims. *See Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir. 1998). In pertinent part, Rule 60(b) provides for relief from a judgment "for the following reasons: (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); ... or (6) any other reasons justifying relief from the operation of the judgment." The relief available under the residual provision, Fed.R.Civ.P. 60(b)(6), should be afforded only in exceptional circumstances not otherwise addressed by other provisions of Rule 60(b). *See Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 387 (6th Cir.2001); *Blue Diamond Coal. Co. v. Trustees of UMWA Combined Ben. Fund,* 249 F.3d 519, 524 (6th Cir.2001); *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990). Here, the district court did not abuse its discretion in denying plaintiff relief from its earlier judgment.

The district court granted judgment for Fed Ex on Alred's ERISA claim because Alred did not appeal the June 1, 1999, decision in a timely manner, and the denial of ERISA benefits on this basis was not arbitrary and capricious. *See Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *Carr v. Reliance Standard Life Ins. Co.,* 363 F.3d 604, 606 (6th Cir.2004); *Yeager v. Reliance Standard Life Ins. Co.,* 88 F.3d 376, 380 (6th Cir.1996). In support of her Fed.R.Civ.P. 60(b) motion, Alred submitted a letter dated June 14, 1999, in which she indicated that she earlier had requested review of the denial of benefits, and a letter dated September 8, 1999, in which she requested reconsideration of benefits. Counsel for Alred asserted that Alred did not show these letters to her attorneys until November 20, 2002. However, the district court correctly concluded that Alred is not entitled to relief under Fed. R.Civ.P. 60(b)(2) because she presented no evidence that she could not have discovered her letters earlier. *See Good v. Ohio Edison Co.,* 149 F.3d 413, 423 (6th Cir. 1998). While Alred faults defendant for not submitting her letters as part of the administrative record submitted to the district court, this argument both presumes that defendant was in possession of the documents and ignores her own possession of these documents. Moreover, the district court correctly concluded that this evidence is unauthenticated and not necessarily controlling in any event. Under these circumstances, the district court did not abuse its discretion in denying Alred relief under Fed.R.Civ.P. 60(b)(2). Because Alred's claim for relief is specifically addressed under that provision, the district court properly declined to consider her claim under Fed.R.Civ.P. 60(b)(6). *See Jinks,* 250 F.3d at 387; *Blue Diamond Coal. Co.,* 249 F.3d at 524; *Olle,* 910 F.2d at 365.

For the foregoing reasons, the district court's order is affirmed.